# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARL NELSON,

    Plaintiff,                                                        Case No. 18-C-614

    v.

ARAMARK FOOD SERVICE, et al.,

    Defendants.

## ORDER

    The plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above captioned action. The plaintiff has also filed a petition for leave to proceed *in forma pauperis*. The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act (PLRA), the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the statutory filing fee, $350.00, for any civil action. *See* 28 U.S.C. § 1915(b)(1).

    Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.* **The obligation to pay the full filing fee**

**continues, even if the case is immediately dismissed as frivolous, malicious or for failure to state a claim, or later on summary judgment or after trial.** The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the 6-month period immediately preceding the filing of the instant complaint, the average monthly deposit in the plaintiff's prison account was $ 28.00 and the average monthly balance to the account was $ 7.18. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay an initial partial filing fee of $ 5.60. The plaintiff shall pay the initial partial filing fee of $ 5.60 to the Clerk of Court within 21 days of the date of this order or explain why he is unable to do so. Failure to pay the initial partial filing fee within the specified time period may result in dismissal of the action with prejudice pursuant to Civil Local Rule 41(c) (E.D. Wis.) and Fed. R. Civ. P. 41(b).

**The court will *not* consider motions seeking to pay the initial partial filing fee out of the inmate's release account unless there are insufficient funds in his regular trust account.**

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. This analysis of the complaint is not undertaken by the court until after the initial partial filing fee is paid. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g). Once the plaintiff pays

the initial partial filing fee, the court will assess the merits of your claims. The plaintiff is advised that if the complaint is dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the court will not refund your initial partial filing fee, and you will still be required to pay the entire $350 filing fee.

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this Order or do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court within 21 days of the date of this order, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that within 21 days of the date of this order, the plaintiff shall forward to the Clerk of Court the sum of $ 5.60 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined, in this case the Milwaukee County Sheriff *and* the Office of the Sheriff, CCF-S, Attn: Mary Wenton, 8885 S. 68th St., Franklin, WI 53132.

Dated at Green Bay, Wisconsin this   20th   day of April, 2018.

> BY THE COURT
>
>  s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court