UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EARL NELSON,

        Plaintiff,

v.                                              Case No. 18-C-614

ARAMARK FOOD SERVICE, *et al.*,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Earl Nelson, who is currently serving a sentence at Milwaukee County House of Correction (HOC) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee. ECF No. 2.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $5.60. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff filed this complaint against Aramark Food Service, Food Service Director Ryan, Supervisor Prycilla, Supervisor Zaria, and Supervisor Megan. He alleges that on several occasions the food carts used by Aramark to deliver food to the HOC have arrived with black mold inside of the food compartment and on top of the cart. He alleges that Director Ryan and his staff sent these

2

carts on Aramark's behalf. Plaintiff states that he followed HOC procedure and submitted complaints about the food carts through a designated kiosk on February 17, 18, and 27, 2018, and he states that, on one occasion, two correctional officers observed the mold on the food carts and took pictures of it. On March 23, 2018, Plaintiff alleges that he filed another complaint, this time through HOC's normal grievance system. This complaint was referred to Aramark on March 26, 2018, and on April 9, 2018, he received a response—apparently from Director Ryan—explaining that Aramark has a policy of cleaning the carts after each use. In part, the response allegedly stated, "Aramark has a cleaning schedule that we follow." Plaintiff alleges that the presence of black mold on these food carts creates a serious risk to his health and that of other inmates.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). The conditions of confinement in a jail can violate the Eighth Amendment's prohibition on cruel and unusual punishment when "(1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of "the minimal civilized measure of life's necessities,"' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As a result, the Seventh Circuit has held that "[t]he Constitution mandates that prison officials provide inmates with 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the

inmates who consume it.'" *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). At the same time, "[j]ail conditions 'may be uncomfortable, even harsh, without being inhumane.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664–65 (7th Cir. 2012)).

The fact that Nelson does not allege that he suffered any physical injury from eating food that was contaminated or unhealthy does not preclude him from going forward, at least for now. The Seventh Circuit has characterized as fallacious the "apparent assumption that creation of a mere hazard to health, as opposed to an actual impairment of health, can never be a harm sufficient to support an Eighth Amendment violation." *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). It is true that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Seventh Circuit has also held, however, that even though § 1997e(e) bars recovery of compensatory damages for a mental or emotional injury, it does not bar recovery of other types of damages, such as nominal or punitive damages, or other types of relief, such as injunctive relief. *Thomas*, 697 F.3d at 614 (noting that "'physical injury . . . is not a filing prerequisite for the federal civil action itself' because the prisoner can still obtain injunctive relief, nominal damages, and punitive damages" (first alteration in original; citation omitted) (quoting *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003))).

To establish liability under § 1983, a plaintiff must also show that the defendant was acting under color or state law. Although Aramark is a private company, it can be held liable under § 1983

4

as a state actor to the extent that it has assumed the County's constitutional obligation to provide a safe and nutritionally adequate diet to inmates. *See Rodriguez v. Plymouth*, 577 F.3d 816, 827 (7th Cir. 2009) ("When a party enters into a contractual relationship with the state penal institution to provide specific medical services to inmates, it is undertaking freely, and for consideration, responsibility for a specific portion of the state's overall obligation to provide medical care for incarcerated persons. In such a circumstance, the provider has assumed freely the same liability as the state."); *see also Horton v. Sheriff of Cook Cty.*, No. 11-C-6064, 2012 WL 5838183, at *3 (N.D. Ill. Nov. 12, 2012) (holding that Aramark can be held a state actor under § 1983 and collecting cases). Thus, to the extent Aramack contractually assumed the County's obligation to provide inmates safe and nutritious food, both it and its employees may be considered state actors subject to liability under § 1983.

To state a claim for relief against a private corporation such as Aramark, a plaintiff must, under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), allege "that the entity's official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind his constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)); *see also Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). By alleging that Aramark maintains a cart cleaning policy that fails to prevent the buildup of black mold that poses a danger to the health of Plaintiff and other inmates, Plaintiff has pleaded adequate facts to plausibly state a claim against Aramark under *Monell*.

Plaintiff likewise states a claim against Director Ryan as the individual apparently responsible for overseeing that policy and its implementation. Plaintiff alleges that Director Ryan oversaw the

5

delivery of food to the HOC and was indifferent to Plaintiff's complaints of mold when responding to Plaintiff's complaint. However, Plaintiff may not proceed against Supervisors Prycilla, Zaria, and Megan, as his complaint fails to make any allegations explaining how they are directly involved in the development or implementation of this policy that allegedly resulted in the buildup of dangerous mold on these carts. Accordingly, the court finds that the plaintiff may proceed on his conditions of confinement claim against Aramark and Director Ryan, but Supervisors Prycilla, Zaria, and Megan will all be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Prycilla, Zaria, and Megan are all **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $344.40 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 9th day of May, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court