UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARL NELSON,

           Plaintiff,

    v.                                      Case No. 18-C-614

ARAMARK FOOD SERVICE, et al.,

           Defendants.

## ORDER SCREENING AMENDED COMPLAINT

Plaintiff Earl Nelson, an inmate currently serving a state prison sentence at Doge Correctional Institution (DCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County House of Correction (HOC). The court entered an order screening Nelson's complaint on May 9, 2018, and permitted him to proceed on a conditions of confinement claim against Defendants Aramark Food Service and Food Service Director Ryan based on his allegations that food was delivered to the HOC in carts covered with black mold. ECF No. 7 at 6. On July 18, 2018, Nelson filed a proposed amended complaint (ECF No. 19) following the defendants' filing of their answer on June 27, 2018 (ECF No. 14). *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting amendment of a pleading one time as a matter of course within 21 days of service of a responsive pleading).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In screening Nelson's proposed amended complaint, the court observes that Nelson's allegations are essentially identical to those raised in his original complaint. His proposed amended complaint

merely restates his allegations in a more organized manner, repeats his assertion that he exhausted

his administrative remedies by filing several complaints at the HOC, adjusts his allegations to reflect

the fact that he has since been transferred from the HOC to DCI, and clarifies the relief that he seeks.

But amendment of the complaint is not necessary in the absence of significant additional factual

allegations or a desire to add claims against additional individuals. Nor is amendment necessary for

a plaintiff to seek alternative remedies, such as additional damages. *See Schmitz v. Canadian Pac.

Ry. Co.*, 454 F.3d 678, 682 (7th Cir. 2006) ("[P]laintiffs in federal court need not plead specific facts

or legal theories in their complaints."). The defendants are already on notice of Nelson's claims

regarding the conditions of his confinement, and the proposed amended complaint does not raise new

claims against them or against other individuals. Consequently, the Clerk is hereby ordered to

**STRIKE** Nelson's amended complaint (ECF No. 19) from the docket.

> **SO ORDERED** this <u>31st</u> day of July, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
